

# COMMONWEALTH OF MASSACHUSETTS
## NORFOLK COUNTY
### Public Docket Report

**1982CV01140 Hayes, Mark vs. IXP Corporation et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Actions Involving the State/Municipality | **FILE DATE:** | 09/06/2019 |
| **ACTION CODE:** | AA1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Contract Action involving the Commonwealth, Municipality, MBTA, etc. | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 09/06/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 12/05/2019 | |
| Rule 12/19/20 Served By | 01/04/2020 | |
| Answer | 01/06/2020 | |
| Rule 12/19/20 Filed By | 02/03/2020 | |
| Rule 12/19/20 Heard By | 03/04/2020 | |
| Rule 15 Served By | 10/30/2020 | |
| Rule 15 Heard By | 11/30/2020 | |
| Rule 15 Filed By | 11/30/2020 | |
| Discovery | 08/26/2021 | |
| Rule 56 Served By | 09/27/2021 | |
| Rule 56 Filed By | 10/25/2021 | |
| Final Pre-Trial Conference | 02/22/2022 | |
| Judgment | 09/05/2022 | |

## PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Hayes, Mark | **Private Counsel**<br>Lucas Jennings Newbill<br>Law Offices of Lucas Newbill<br>Law Offices of Lucas Newbill<br>PO Box 1741<br>Brookline, MA 02446<br>Work Phone (617) 918-7567<br>Added Date: 09/06/2019 | 697176 |
| **Defendant**<br>IXP Corporation, | **Private Counsel**<br>Joshua M Loveall<br>D'Ambrosio Brown LLP<br>D'Ambrosio Brown LLP<br>185 Devonshire St 10th Floor<br>Boston, MA 02110<br>Work Phone (617) 720-5657<br>Added Date: 10/03/2019 | 692161 |



**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Public Docket Report**

| **Defendant** | **Private Counsel** | 544209 |
|---|---|---|
| Massachusetts Transporation Authority (MBTA) | Barbara Gruenthal | |

**Private Counsel**   544209
Barbara Gruenthal
Cooke Clancy & Gruenthal LLP
Cooke Clancy & Gruenthal LLP
One International Place
Suite 850
Boston, MA 02110
Work Phone (617) 438-6800
Added Date: 10/08/2019

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 09/06/2019 | Civil Filing Fee (per Plaintiff)<br>Receipt: 17338 Date: 09/09/2019 | 240.00 | 240.00 | 0.00 | 0.00 |
| 09/06/2019 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 17338 Date: 09/09/2019 | 20.00 | 20.00 | 0.00 | 0.00 |
| 09/06/2019 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 17338 Date: 09/09/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| 09/06/2019 | Fee for Blank Summons or Writ<br>(except Writ of Habeas Corpus) MGL<br>262 sec 4b Receipt: 17338 Date:<br>09/09/2019 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |



| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 09/06/2019 | | Attorney appearance<br>On this date Lucas Jennings Newbill, Esq. added as Private Counsel for Plaintiff Mark Hayes | |
| 09/06/2019 | | Case assigned to:<br>DCM Track A - Average was added on 09/06/2019 Sent to attorney | |
| 09/06/2019 | 1 | Original civil complaint filed. | |
| 09/06/2019 | 2 | Civil action cover sheet filed. | |
| 09/06/2019 | | Demand for jury trial entered. | |
| 09/06/2019 | 3 | Mark Hayes's MOTION for appointment of Special Process Server. | |
| 09/06/2019 | | Endorsement on Motion for special process server (#3.0): ALLOWED as to all prejudgment service of process by Bob Sweeney or his employees (MIller, J) | Miller |
| 09/17/2019 | 4 | Service Returned for<br>Defendant IXP Corporation: Service made in hand; Marisa Kugel Mann (Authorized) s/o 911/2019 | |
| 09/17/2019 | 5 | Service Returned for<br>Defendant Massachusetts Transporation Authority (MBTA): Service made in hand; Beth Divirgilio (Authorized), 9/11/2019 | |
| 10/03/2019 | 6 | Received from<br>Defendant IXP Corporation: Answer with claim for trial by jury; (rec'd 10/2/19) | |
| 10/03/2019 | | Attorney appearance<br>On this date Joshua M Loveall, Esq. added as Private Counsel for Defendant IXP Corporation | |
| 10/08/2019 | | Attorney appearance<br>On this date Barbara Gruenthal, Esq. added as Private Counsel for Defendant Massachusetts Transporation Authority (MBTA) | |
| 10/08/2019 | 7 | Notice of Removal to the United States District Court filed by<br><br>Applies To : Massachusetts Transporation Authority (MBTA) (Defendant)<br><br>(Rec'd 10/7/19) | |

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk

10/8/19

COMMONWEALTH
OF
MASSACHUSETTS
NORFOLK, SS

SUPERIOR COURT

DOCKET NUMBER ___**19   1140**___

| | |
|---|---|
| MARK HAYES, )<br>Plaintiff )<br>v. )<br>IXP CORPORATION, )<br>and MASSACHUSETTS BAY )<br>TRANSPORTATION )<br>AUTHORITY (MBTA) )<br>Defendants ) | COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

## NATURE OF COMPLAINT

1. As is alleged more fully below, plaintiff Mark Hayes claims that defendants IXP Corporation and Massachusetts Bay Transportation Authority, collectively Defendants, (i) discriminated against and terminated Plaintiff without due process because of his protected speech, race, and national origin; and (ii) failed to pay Plaintiff all wages due upon termination. IXP Corporation failed to properly and timely notify Plaintiff of and provide him his rights to continued health insurance under the Consolidated Omnibus Reconciliation Act, commonly referred to as COBRA.

## PARTIES AND JURISDICTION

2. Plaintiff Mark Hayes (Plaintiff) is a natural person residing in Norfolk County, Massachusetts.

3. Defendant Massachusetts Bay Transportation Authority (MBTA) is a body politic and corporate. See G.L. c. 161A, § 2.

1

4. The MBTA is a political subdivision of the Commonwealth of Massachusetts. See G.L. c. 161A, § 2.

5. The MBTA has a principal office located at the Transportation Building, 10 Park Plaza, Boston, Suffolk County, Massachusetts, 02116.

6. The MBTA has the power to sue and be sued in law and equity. See G.L. c. 161A, §§ 2 and 38.

7. The MBTA is liable for its debts and obligations. See G.L. c. 161A, § 2.

8. The MBTA is expressly excluded from the protection of sovereign or governmental immunity under the Massachusetts Tort Claims Act. See G.L. c. 258, § 1.

9. Defendant IXP Corporation is a private foreign entity incorporated in the State of Delaware.

10. IXP Corporation has a principal place of business at 103 Main Street, Princeton, New Jersey, 08540.

11. IXP Corporation contracts to supply emergency response (9-1-1) dispatch services for the MBTA, specifically the MBTA Transit Police Department.

12. IXP Corporation employees performing services for the MBTA operate out of the MBTA Transit Police Department station at 240 Southampton Street, in Roxbury, Suffolk County, Massachusetts.

13. IXP Corporation employees are agents of the MBTA.

14. IXP Corporation employees are apparent agents of the MBTA.

15. IXP Corporation transacts business in Massachusetts.

16. IXP Corporation contracts to supply services in Massachusetts.

17. IXP Corporation regularly does business in Massachusetts.

18. IXP Corporation regularly solicits business in Massachusetts.

19. IXP Corporation engages in a persistent course of conduct in Massachusetts.

20. IXP Corporation derives substantial revenue from services rendered in Massachusetts.

21. The Massachusetts registered agent of IXP Corporation is Cogency Global Inc. at 44 School Street, Suite 325, Boston, Massachusetts, 02108.

22. The MBTA employs more than six (6) persons.

23. IXP Corporation employs more than six (6) persons.

FACTS

24. IXP Corporation is contracted by the MBTA to perform 9-1-1 dispatch services.

25. IXP Corporation performs 9-1-1 dispatch services for the MBTA.

26. 9-1-1 dispatch services are traditionally state functions.

27. 9-1-1 dispatch services were performed by the MBTA until they contracted such functions out to IXP Corporation in or around 2017.

28. 9-1-1 dispatch services are functions that primarily benefit the public.

29. The MBTA is a state actor for purposes of the U.S. Constitution.

30. IXP Corporation is a state actor for purposes of the U.S. Constitution.

31. The MBTA supervises employees of IXP Corporation in their performance of 9-1-1 dispatch services for the MBTA.

32. The MBTA maintains control over the 9-1-1 dispatch services performed by employees of IXP Corporation for the MBTA.

33. The MBTA maintains control over the terms and conditions of employment of employees of IXP Corporation performing 9-1-1 dispatch services for the MBTA.

34. 9-1-1 dispatch services are nondelegable responsibilities of the MBTA.

35. Plaintiff was at all relevant times an employee of IXP Corporation.

36. Plaintiff was at all relevant times supervised by IXP Corporation.

37. Plaintiff was at all relevant times supervised by agents of IXP Corporation.

38. Plaintiff was at all relevant times an employee of the MBTA.

39. Plaintiff was at all relevant times supervised by the MBTA.

40. Plaintiff was at all relevant times supervised by agents of the MBTA.

41. Plaintiff performed 9-1-1 dispatch services for IXP Corporation.

42. Plaintiff performed 9-1-1 dispatch services for the MBTA.

43. The MBTA was a joint employer of Plaintiff.

44. The MBTA is jointly and severally liable for actions of IXP Corporation.

45. The signature line of the professional email of Plaintiff, mhayes@ixpcorp.com, read as

    follows:

>      Mark P. Hayes
>      Dispatcher IXP Corp
>      MBTA Police Dept.
>      240 Southampton St.
>      Roxbury Ma. 02118

46. Plaintiff worked out of the MBTA Transit Police Department station at 240 Southampton

    Street, in Roxbury, Suffolk County, Massachusetts.

47. Plaintiff has served two tours of duty overseas, one in Iraq and the other in Afghanistan.

48. Plaintiff has also served as a police officer.

49. Plaintiff has risked his life defending the rights of others.

50. Therese Patricia Okoumou is a naturalized U.S. citizen.

51. Therese Patricia Okoumou is from the Democratic Republic of Congo.

52. Therese Patricia Okoumou came to the U.S. as a refugee.

53. Ms. Okoumou is or was at all relevant times part of a group called Rise and Resist NYC.

54. Rise and Resist NYC is a group resisting President Trump and his policies on immigration.

55. On July 4, 2018, Ms. Okoumou protested United States immigration policies.

56. On July 4, 2018, Ms. Okoumou climbed the Statue of Liberty.

57. On July 4, 2018, Ms. Okoumou caused the closure of the Statue of Liberty.

58. On July 4, 2018, Ms. Okoumou risked the lives of the police officers that had to scale the Statue of Liberty to retrieve Ms. Okoumou.

59. The Fourth of July is the birthday of the United States.

60. The Fourth of July is an important day for patriots of the United States.

61. On August 3, 2018, Ms. Okoumou attended a criminal hearing.

62. On August 3, 2018, Ms. Okoumou was greeted by reporters outside the courthouse.

63. On August 3, 2018, Ms. Okoumou chanted before news cameras: "America, you motherfuckers, you drug addicts, you KKK, you fascist U.S.A."

64. Ms. Okoumou's behavior in paragraphs 53-58 and 63 is political.

65. Ms. Okoumou's behavior in paragraphs 53-58 and 63 is offensive.

66. On August 4, 2018, a news segment about Ms. Okoumou's behavior in paragraphs 53-58 and 63 played on the television in the police station where Plaintiff was working.

67. In response to the news segment referenced in paragraph 66, Plaintiff stated: "If she hates America so much, she should go back to Africa." (From here on: "Plaintiff's Statement.")

68. In response to Plaintiff's Statement in paragraph 67, Latoya Bowman shouted: "That was a racist comment!" (From here on: "Bowman's Complaint.")

69. Latoya Bowman was at all relevant times a colleague of Plaintiff.

70. Latoya Bowman was at all relevant times an employee of IXP Corporation.

71. Latoya Bowman was at all relevant times an employee of the MBTA.

72. Latoya Bowman was at all relevant times an agent of IXP Corporation.

73. Latoya Bowman was at all relevant times an agent of the MBTA.

74. Latoya Bowman was at all relevant times supervised by the MBTA.

75. Latoya Bowman was at all relevant times supervised by agents of the MBTA.

76. Prior to August 4, 2018, Latoya Bowman had expressed her dislike for Plaintiff to Plaintiff.

77. Prior to August 4, 2018, Latoya Bowman had expressed her dislike for Plaintiff to employees of the MBTA.

78. Prior to August 4, 2018, Latoya Bowman had expressed her dislike for Plaintiff to supervisors of the MBTA.

79. Prior to August 4, 2018, Latoya Bowman had expressed her dislike for Plaintiff to employees of IXP Corporation.

80. Prior to August 4, 2018, Latoya Bowman had expressed her dislike for Plaintiff to supervisors of IXP Corporation.

81. Prior to August 4, 2018, Latoya Bowman and Plaintiff did not have a good working relationship.

82. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that there was no racist or racial intent behind (his) Plaintiff's Statement in paragraph 67.

83. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was not a comment about race but politics.

84. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that although Bowman understood (his) Plaintiff's Statement in paragraph 67 to be racist, Plaintiff did not intend it to be.

85. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was a political statement about how he disagreed with Ms. Okoumou's politics.

86. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was a political statement about how he disagreed with Ms. Okoumou's method of political protest; she is free to peaceably assemble, not break the law, ruin the Fourth of July for visitors to the Statue of Liberty, and risk the lives of police officers.

87. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was a political statement about how Ms. Okoumou, through her political expression, is thankless and disrespectful to the country that welcomed her in as a refugee.

88. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was a political statement about how Ms. Okoumou, through her political expression, is thankless and disrespectful to Plaintiff and all the men and women that serve and have served the United States.

89. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that he is not a racist, that he has served among many persons of color, persons for whom he would give his life.

90. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that (his) Plaintiff's Statement in paragraph 67 was not racist just like it would not have been racist if a white Canadian had climbed the Statue of Liberty on the Fourth of July and Plaintiff had said: "If she hates America so much, she should return to Canada."

91. In response to Bowman's Complaint in paragraph 68, Plaintiff turned to explain that he is simply a patriot.

92. Plaintiff was stopped from explaining himself as he intended in paragraphs 82-91 by Lieutenant David Albanese (Lt. Albanese) of the MBTA Transit Police Department.

93. Lt. Albanese told all parties to end the conversation.

94. Lt. Albanese is an employee of the MBTA.

95. Lt. Albanese is an agent of the MBTA.

96. Lt. Albanese was the senior MBTA Transit Police Department officer on shift.

97. Lt. Albanese supervised Plaintiff.

98. Lt. Albanese supervised Latoya Bowman.

99. Lt. Albanese wrote up a written complaint against Plaintiff for Plaintiff's Statement in paragraph 67.

100. MBTA Police Superintendent Richard Sullivan informed IXP Corporation of Plaintiff's Statement in paragraph 67.

101. MBTA Police Superintendent Richard Sullivan is an employee of the MBTA.

102. MBTA Police Superintendent Richard Sullivan is an agent of the MBTA.

103. MBTA Police Superintendent Richard Sullivan informed IXP Corporation that Plaintiff was not to be assigned to the MBTA pending an investigation.

104. MBTA Police Superintendent Richard Sullivan did not tell IXP Corporation that they would pay for the services of Plaintiff during the investigation.

105. The only operations of IXP Corporation in Boston are at the MBTA.

106. On or around August 5, 2018, Plaintiff was informed by Harry Marshall that he was suspended with pay pending the outcome of an investigation into Plaintiff's Statement in paragraph 67.

107. Harry Marshall was at all relevant times an employee of IXP Corporation.

108. Harry Marshall was at all relevant times an agent of IXP Corporation.

109. Harry Marshall was at all relevant times the MBTA contract supervisor for IXP Corporation.

110. Harry Marshall was at all relevant times the MBTA Project Director for IXP Corporation.

111. Harry Marshall was at all relevant times the supervisor of Plaintiff at IXP Corporation.

112. Harry Marshall works out of IXP Corporation's principal office in New Jersey.

113. On or around August 6, 2018, Harry Marshall informed Plaintiff that his employment was terminated.

114. Plaintiff was terminated because of Plaintiff's Statement in paragraph 67.

115. Plaintiff was terminated because Plaintiff's Statement in paragraph 67 violated MBTA anti-discrimination policy.

116. Plaintiff was terminated because Plaintiff's Statement in paragraph 67 violated IXP anti-discrimination policy.

117. The MBTA influenced Plaintiff's termination.

118.    Agents of the MBTA influenced Plaintiff's termination.

119.    Plaintiff was not provided any opportunity to explain Plaintiff's Statement in
paragraph 67.

120.    Plaintiff was not provided any process before his termination.

121.    Upon information and belief, IXP Corporation did not conduct an investigation.

122.    IXP Corporation did not ask Plaintiff to explain Plaintiff's Statement in paragraph
67.

123.    Upon information and belief, IXP Corporation did not interview any witnesses to
Plaintiff's Statement in paragraph 67.

124.    Upon information and belief, MBTA did not conduct an investigation.

125.    MBTA did not ask Plaintiff to explain Plaintiff's Statement in paragraph 67.

126.    Upon information and belief, MBTA did not interview any witnesses to Plaintiff's
Statement in paragraph 67.

127.    Plaintiff is White.

128.    Latoya Bowman is Black.

129.    Latoya Bowman is African American.

130.    Upon information and belief, Latoya Bowman imputed a racist meaning behind
Plaintiff's Statement in paragraph 67 because Plaintiff is White.

131.    Upon information and belief, Harry Marshall imputed a racist meaning behind
Plaintiff's Statement in paragraph 67 because Plaintiff is White.

132.    Upon information and belief, Lt. Albanese imputed a racist meaning behind
Plaintiff's Statement in paragraph 67 because Plaintiff is White.

133.     Upon information and belief, MBTA Police Superintendent Richard Sullivan imputed a racist meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff is White.

134.     Upon information and belief, Defendants and agents thereof imputed a racist meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff is White.

135.     Upon information and belief, Latoya Bowman would not have imputed a racist meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

136.     Upon information and belief, Harry Marshall would not have imputed a racist meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

137.     Upon information and belief, Lt. Albanese would not have imputed a racist meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

138.     Upon information and belief, MBTA Police Superintendent Richard Sullivan would not have imputed a racist meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

139.     Upon information and belief, Defendants and agents thereof would not have imputed a racist meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

140.     Upon information and belief, Latoya Bowman would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

141.     Upon information and belief, Harry Marshall would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

142.     Upon information and belief, Lt. Albanese would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

143.     Upon information and belief, MBTA Police Superintendent Richard Sullivan would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

144.     Upon information and belief, Defendants and agents thereof would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff was Black.

145.     Upon information and belief, if Plaintiff were Black, he would not have been terminated.

146.     Upon information and belief, Plaintiff was terminated because he is not Black.

147.     Upon information and belief, Plaintiff was terminated because he is White.

148.     Plaintiff's national origin is the United States.

149.     Upon information and belief, Latoya Bowman imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff's national origin is the United States.

150.     Upon information and belief, Harry Marshall imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff's national origin is the United States.

151.     Upon information and belief, Lt. Albanese imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff's national origin is the United States.

152.     Upon information and belief, MBTA Police Superintendent Richard Sullivan imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff's national origin is the United States.

153. Upon information and belief, Defendants and agents thereof imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 because Plaintiff's national origin is the United States.

154. Upon information and belief, Latoya Bowman would not have imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

155. Upon information and belief, Harry Marshall would not have imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

156. Upon information and belief, Lt. Albanese would not have imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

157. Upon information and belief, MBTA Police Superintendent Richard Sullivan would not have imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

158. Upon information and belief, Defendants and agents thereof would not have imputed a racist and/or discriminatory meaning behind Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

159. Upon information and belief, Latoya Bowman would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

160. Upon information and belief, Harry Marshalll would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

161.     Upon information and belief, Lt. Albanese would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

162.     Upon information and belief, MBTA Police Superintendent Richard Sullivan would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

163.     Upon information and belief, Defendants and agents thereof would have allowed Plaintiff to explain Plaintiff's Statement in paragraph 67 if Plaintiff's national origin was Africa.

164.     Upon information and belief, if Plaintiff's national origin was Africa, he would not have been terminated.

165.     Upon information and belief, Plaintiff was terminated because his national origin is not Africa.

166.     Upon information and belief, Plaintiff was terminated because his national origin is the United States.

167.     The conduct complained of herein was performed in accordance with policy, practice and/or custom of the MBTA.

168.     Upon information and belief, final authority to establish MBTA Police Department policy, practice and/or custom with respect to Plaintiff's termination was delegated to the employee at MBTA Police Department responsible for influencing termination, termination or ratifying termination of Plaintiff's employment.

169.     Alternatively, upon information and belief, final authority to establish MBTA Police Department policy, practice and/or custom with respect to Plaintiff's termination was delegated to IXP Corporation.

170. Final authority to establish MBTA Police Department policy, practice and/or custom with respect to Plaintiff's termination was a nondelegable duty.

171. The conduct complained of herein was performed in accordance with policy, practice and/or custom of IXP Corporation.

172. Upon information and belief, final authority to establish IXP Corporation policy, practice and/or custom with respect to the conduct complained of herein was delegated to the employee at IXP Corporation responsible for terminating and/or ratifying termination of Plaintiff's employment.

173. The MBTA does not believe that Massachusetts antidiscrimination laws apply to protect white persons from discrimination.

174. The MBTA does not believe that a person can be racist towards another person of the same race.

175. Upon information and belief, the anti-discrimination policy of the MBTA has a disparate impact on white persons.

176. Upon information and belief, no Black persons have been terminated by the MBTA because of violation of the MBTA's anti-discrimination policy.

177. Upon information and belief, no Black persons have been disciplined by the MBTA because of violation of the MBTA's anti-discrimination policy.

178. Upon information and belief, no Black persons have been investigated by the MBTA because of violation of the MBTA's anti-discrimination policy.

179. Upon information and belief, no persons of color have been terminated by the MBTA because of violation of the MBTA's anti-discrimination policy.

180.     Upon information and belief, no persons of color have been disciplined by the MBTA because of violation of the MBTA's anti-discrimination policy.

181.     Upon information and belief, no persons of color have been investigated by the MBTA because of violation of the MBTA's anti-discrimination policy.

182.     Upon information and belief, the anti-discrimination policy of the MBTA has a disparate impact on persons whose national origin is the United States.

183.     Upon information and belief, no persons whose national origin is other than the United States have been terminated by the MBTA because of violation of the MBTA's anti-discrimination policy.

184.     Upon information and belief, no persons whose national origin is other than the United States have been disciplined by the MBTA because of violation of the MBTA's anti-discrimination policy.

185.     Upon information and belief, no persons whose national origin is other than the United States have been investigated by the MBTA because of violation of the MBTA's anti-discrimination policy.

186.     Upon information and belief, the anti-discrimination policy of IXP Corporation has a disparate impact on white persons.

187.     Upon information and belief, no Black persons have been terminated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

188.     Upon information and belief, no Black persons have been disciplined by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

189.     Upon information and belief, no Black persons have been investigated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

190.     Upon information and belief, no persons of color have been terminated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

191.     Upon information and belief, no persons of color have been disciplined by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

192.     Upon information and belief, no persons of color have been investigated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

193.     Upon information and belief, the anti-discrimination policy of IXP Corporation has a disparate impact on persons whose national origin is the United States.

194.     Upon information and belief, no persons whose national origin is other than the United States have been terminated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

195.     Upon information and belief, no persons whose national origin is other than the United States have been disciplined by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

196.     Upon information and belief, no persons whose national origin is other than the United States have been investigated by IXP Corporation because of violation of IXP Corporation's anti-discrimination policy.

197.     Plaintiff was not paid in full on the day of his discharge.

198.     Plaintiff was a beneficiary of IXP Corporation's group health plan by virtue of his employment.

199.     Upon information and belief, IXP Corporation is the plan sponsor of IXP Corporation's group health plan.

200.    Upon information and belief, IXP Corporation failed to properly and timely notify the administrator of IXP Corporation's group health plan of his termination.

201.    IXP Corporation failed to properly and timely notify Plaintiff of his right to elect continuation of health insurance coverage following termination.

202.    IXP Corporation failed to cause proper and timely notification to Plaintiff of his right to elect continuation of health insurance coverage following termination.

203.    Upon information and belief, the administrator of IXP Corporation's group health plan failed to properly and timely notify Plaintiff of his right to elect continuation of health insurance coverage following termination.

204.    IXP Corporation failed to provide Plaintiff his right to elect continuation of health insurance coverage within the election period following termination.

205.    Plaintiff has suffered tremendously both financially and emotionally as a result of Defendants' conduct complained of herein.

COUNT ONE AS TO ALL DEFENDANTS

FREE SPEECH

FEDERAL CLAIM

206.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

207.    Defendants' conduct set forth in this count violates the First Amendment of the U.S. Constitution in that it violates Plaintiff's free speech rights protected thereunder. This claim is brought pursuant to 42 U.S.C. § 1983.

COUNT TWO AS TO ALL DEFENDANTS

FREE SPEECH

STATE CLAIM

208.     Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

209.     Defendants' conduct set forth in this count violates the First Amendment to the
United States Constitution, Article LXXVII of the Articles of Amendment of the
Massachusetts Constitution, Article XVI of the Massachusetts Declaration of Rights, and
G.L. c. 12, § 11H in that it violates Plaintiff's free speech rights protected thereunder.
This claim is brought pursuant to G.L. c. 12, § 11I.

COUNT THREE AS TO ALL DEFENDANTS

DUE PROCESS

FEDERAL CLAIM

210.     Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

211.     Defendants' conduct set forth in this count violates the Fifth and Fourteenth
Amendments of the U.S. Constitution in that it violates Plaintiff's due process rights
protected thereunder.  This claim is brought pursuant to 42 U.S.C. § 1983.

COUNT FOUR AS TO ALL DEFENDANTS

DUE PROCESS

STATE CLAIM

212.     Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

213.     Defendants' conduct set forth in this count violates the Fifth and Fourteenth
Amendments of the U.S. Constitution, Articles I, X, and XII of the Massachusetts

Declaration of Rights, and Article CVI of the Articles of Amendment of the

Massachusetts Constitution in that it violates Plaintiff's due process rights protected

thereunder. This claim is brought pursuant to G.L. c. 12, § 11*I*.

## COUNT FIVE AS TO ALL DEFENDANTS

## RACE-BASED EQUAL PROTECTION

## FEDERAL CLAIM

214. Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

215. Defendants' conduct set forth in this count violates the Fourteenth Amendment of
the U.S. Constitution in that it violates Plaintiff's right to equal treatment regardless of
race. This claim is brought pursuant to 42 U.S.C. § 1983.

## COUNT SIX AS TO ALL DEFENDANTS

## RACE-BASED EQUAL PROTECTION

## STATE CLAIM

216. Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

217. Defendants' conduct set forth in this count violates the Fourteenth Amendment of
the U.S. Constitution, Article I of the Massachusetts Declaration of Rights, and Article
CVI of the Articles of Amendment of the Massachusetts Constitution in that it violates
Plaintiff's right to equal treatment regardless of race. This claim is brought pursuant to
G.L. c. 12, § 11*I*.

## COUNT SEVEN AS TO ALL DEFENDANTS

## NATIONAL ORIGIN-BASED EQUAL PROTECTION

218.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

219.    Defendants' conduct set forth in this count violates the Fourteenth Amendment of
the U.S. Constitution in that it violates Plaintiff's right to equal treatment regardless of
national origin.  This claim is brought pursuant to 42 U.S.C. § 1983.

## COUNT EIGHT AS TO ALL DEFENDANTS

## NATIONAL ORIGIN-BASED EQUAL PROTECTION

## STATE CLAIM

220.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

221.    Defendants' conduct set forth in this count violates the Fourteenth Amendment of
the U.S. Constitution, Article I of the Massachusetts Declaration of Rights, Article CVI
of the Articles of Amendment of the Massachusetts Constitution, and G.L. c. 12, § 11H in
that it violates Plaintiff's right to equal treatment regardless of national origin.  This
claim is brought pursuant to G.L. c. 12, § 11I.

## COUNT NINE AS TO ALL DEFENDANTS

## RACE-BASED EMPLOYMENT DISCRIMINATION

## STATE LAW

222.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this
Complaint as if fully set forth herein.

223.     Plaintiff has timely exhausted his administrative remedies, *i.e.*, he filed a related complaint at the Massachusetts Commission Against Discrimination (MCAD) on January 14, 2019.

224.     Defendants' conduct set forth in this count violates G.L. c. 151B, § 4 in that Defendants discriminated against Plaintiff on the basis of race. This claim is brought pursuant to G.L. c. 151B, § 9.

COUNT TEN AS TO ALL DEFENDANTS

NATIONAL ORIGIN-BASED EMPLOYMENT DISCRIMINATION

STATE LAW

225.     Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

226.     Plaintiff has timely exhausted his administrative remedies, *i.e.*, he filed a related complaint at the Massachusetts Commission Against Discrimination (MCAD) on January 14, 2019.

227.     Defendants' conduct set forth in this count violates G.L. c. 151B, § 4 in that Defendants discriminated against Plaintiff on the basis of national origin. This claim is brought pursuant to G.L. c. 151B, § 9.

COUNT ELEVEN AS TO ALL DEFENDANTS

AIDING AND ABETTING EMPLOYMENT DISCRIMINATION

STATE LAW

228.     Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

229. Plaintiff has timely exhausted his administrative remedies, *i.e.*, he filed a related complaint at the Massachusetts Commission Against Discrimination (MCAD) on January 14, 2019.

230. Defendants' conduct set forth in this count violates G.L. c. 151B, § 4 (5). This claim is brought pursuant to G.L. c. 151B, § 9.

COUNT TWELVE AS TO ALL DEFENDANTS

RACE-BASED EMPLOYMENT DISCRIMINATION

FEDERAL LAW

231. Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

232. Plaintiff has timely exhausted his administrative remedies, *i.e.*, he filed a related complaint at the Massachusetts Commission Against Discrimination (MCAD) on January 14, 2019.

233. Defendants' conduct set forth in this count violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in that Defendants discriminated against Plaintiff on the basis of race. This claim is brought pursuant to 42 U.S.C. § 2000e-5.

COUNT THIRTEEN AS TO ALL DEFENDANTS

NATIONAL ORIGIN-BASED EMPLOYMENT DISCRIMINATION

FEDERAL LAW

234. Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

235.    Plaintiff has timely exhausted his administrative remedies, *i.e.*, he filed a related complaint at the Massachusetts Commission Against Discrimination (MCAD) on January 14, 2019.

236.    Defendants' conduct set forth in this count violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in that Defendants discriminated against Plaintiff on the basis of national origin.  This claim is brought pursuant to 42 U.S.C. § 2000e-5.

## COUNT FOURTEEN AS TO IXP CORPORATION

## WRONGFUL TERMINATION BECAUSE OF PROTECTED SPEECH

237.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

238.    The conduct of IXP Corporation set forth in this count constitutes wrongful termination in violation of the public policy as defined by the First Amendment to the United States Constitution, Article LXXVII of the Articles of Amendment of the Massachusetts Constitution, Article XVI of the Massachusetts Declaration of Rights, and G.L. c. 12, § 11*I* in that it violates Plaintiff's free speech rights protected thereunder.

## COUNT FIFTEEN AS TO ALL DEFENDANTS

## UNTIMELY PAYMENT OF WAGES

239.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this Complaint as if fully set forth herein.

240.    Plaintiff filed related complaints with and received related private right of action letters from the Attorney General authorizing this action under M.G.L. c. 149 § 150.

241.    Defendants' conduct set forth in this count violates G.L. c. 149, § 148.  This claim is brought pursuant to G.L. c. 149, § 150.

## COUNT SIXTEEN AS TO IXP CORPORATION

### ERISA

242.    Plaintiff incorporates herein by reference paragraphs 1 through 205 of this

Complaint as if fully set forth herein.

243.    IXP Corporation's conduct set forth in this count constitutes violation of 29

U.S.C. §§ 1161 and 1166 and related regulations.  This claim is brought pursuant to 29

U.S.C. § 1132.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

244.    ENTER JUDGMENT in Plaintiff's favor for back pay, front pay, emotional

damages, compensatory damages, punitive damages, liquidated damages, statutory

damages and penalties, attorneys' fees and costs, and all permissible legal interest; and,

245.    AWARD such other and further relief as the Court deems just and meet.

### JURY CLAIM

Plaintiff demands trial by jury on all issues and claims triable by jury.

Date: Sept 6, 2019

Lucas Newbill, Attorney for Plaintiff

Law Offices of Lucas Newbill
P.O. Box 1741
Brookline, Massachusetts 02446
Tel. 617-918-7567
Fax. 617-910-2514
lucas@lucasnewbill.com
BBO No. 697176

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
Deputy Assistant Clerk
10/8/19

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**
19   1140

**Trial Court of Massachusetts**
**The Superior Court**

| | |
|---|---|
| **PLAINTIFF(S):** MARK HAYES | **COUNTY** Norfolk |
| **ADDRESS:** QUINCY, MASSACHUSETTS | |
| | **DEFENDANT(S):** MASSACHUSETTS BAY TRANSPORTATION AUTHORITY; |
| | and IXP CORPORATION |
| **ATTORNEY:** LUCAS NEWBILL | |
| **ADDRESS:** PO BOX 1741, BROOKLINE, MA 02446 | **ADDRESS:** MBTA: 10 PARK PLAZA, BOSTON, MA 02116 |
| | IXP CORPORATION: 103 MAIN STREET, PRINCETON, NJ 08540 |
| **BBO:** 697176 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AA1 | CIVIL RIGHTS, EMPLOYMENT, WAGE, ERISA | A | [X] YES   [ ] NO |

***If "Other" please describe:**

Is there a claim under G.L. c. 93A?
[ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?
[ ] YES   [X] NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total doctor expenses .............................................. $
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses ................................. $
5. Total other expenses (describe below) ......................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ............... $10,112
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages .............................. $
F. Other documented items of damages (describe below) ........... $750,000
500,000 emotional damages and 250,000 in punitive

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
STRESS CAUSED 1 WEEK HOSPITAL STAY DAY OF TERMINATION, TWO WEEK HOSPITAL STAY 1 MONTH AFTER,

THREE WEEK STAY 3 MONTHS AFTER, PLAINTIFF SEES PSYCHIATRIST AND THERAPIST FOR STREES

**TOTAL (A-F):$**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $ 788,084**

**Signature of Attorney/ Unrepresented Plaintiff: X** _____   **Date:** Sept 6, 2019

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____   **Date:** Sept 6, 2019

3.0

COMMONWEALTH
OF
MASSACHUSETTS
NORFOLK, SS

SUPERIOR COURT

DOCKET NUMBER **19   1140**

9/6/2019
motion is allowed to all prejudgment
Service of Process by Bob Sweeney or
his employees.

(Mulen, J)

att: Kirbiane Gibbons
Asst Clerk

MARK HAYES,          )
Plaintiff             )
v.                    )
IXP CORPORATION,      )
and MASSACHUSETTS BAY )
TRANSPORTATION        )
AUTHORITY (MBTA)      )
Defendants            )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4 (c), Plaintiff hereby moves for an order appointing Constable
Bob Sweeney, or his employees or agents, as special process server in the above-captioned
action. The person to be appointed special process server is experienced in the service of
process, is 18 years of age or older, and is not a party to this action.

Lucas Newbill, Attorney for Plaintiff

Law Offices of Lucas Newbill
P.O. Box 1741
Brookline, Massachusetts 02446
Tel. 617-918-7567
lucas@lucasnewbill.com
BBO No. 697176

Date **Sept 6, 2019**

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk

10/8/19

**(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)**

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 19 1140

MARK HAYES
, *Plaintiff(s)*

v.

IXP CORPORATION and MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, *Defendant(s)*

### SUMMONS

To the above-named Defendant: IXP CORPORATION

You are hereby summoned and required to serve upon LUCAS NEWBILL plaintiff's attorney, whose address is PO BOX 1741, BROOKLINE, MA 02446, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

Bob Sweeney
Constable Services
149 Cambridge Street
Cambridge, MA  02141
sweeneybob54@gmail.com
Tel: (781) 526-9440
Fax: (617) 661-0897



# COMMONWEALTH OF MASSACHUSETTS

## OFFICER'S RETURN

Reference:     19-1140                                    Date: 9/11/19

                                                 Time of Service: 10:10 AM

I this day served   IXP Corporation                              to appear

As within directed by delivering service to:

c/o its Registered Agent, Cogency Global, 45 School Street, #202, Boston, MA
Address

☒  In Hand Service to:   Marisa Kugel Mann (Authorized)

☐  Left at Last & Usual Place of Abode

☐  Mailed Copy   Date:                      Address:

Service & Mileage: $50.00

Witness Fee:

Total: $50.00
Documents
                Summons & Complaint         _Robert Sweeney_
                                            Disinterested Person
                                            Constable Process Server

**(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)**

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

i9    1140

MARK HAYES
_____, Plaintiff(s)

v.

IXP CORPORATION and MASSACHUSETTS
BAY TRANSPORTATION AUTHORITY, Defendant(s)

## SUMMONS

To the above-named Defendant: MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

You are hereby summoned and required to serve upon LUCAS NEWBILL plaintiff's attorney, whose address is PO BOX 1741, BROOKLINE, MA 02446, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire, at _____ the _____

day of _____, in the year of our Lord two thousand and _____

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

Deputy Assistant Clerk

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

Bob Sweeney
Constable Services
149 Cambridge Street
Cambridge, MA  02141
sweeneybob54@gmail.com
Tel: (781) 526-9440
Fax: (617) 661-0897



## COMMONWEALTH OF MASSACHUSETTS

### OFFICER'S RETURN

Reference: 19-1140

Date: 9/11/19

Time of Service: 11:00 AM

I this day served  Massachusetts Bay Transporation Authority  to appear

As within directed by delivering service to:

10 Park Plaza, Boston, MA
Address

☒  In Hand Service to:  Beth Divirgilio (Authorized)

☐  Left at Last & Usual Place of Abode

☐  Mailed Copy  Date:          Address:

Service & Mileage: $50.00

Witness Fee:

Total: $50.00
Documents
            Summons & Complaint

*Robert Sweeney*
Disinterested Person
Constable Process Server

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 1982CV01140

MARK HAYES,

     Plaintiff,

v.

IXP CORPORATION and
MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY (MBTA),

     Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT IXP CORPORATION

Defendant, IXP Corporation, ("Defendant") hereby files its Answer to Plaintiff Mark

Hayes' Complaint in the above-captioned matter and states as follows:

1. Denied.

2. Defendant is without information sufficient to admit or deny the truth of this
allegation. On that basis, this allegation is denied.

3. To the extent this paragraph makes conclusions of law, no response is required.
To the extent a response is required, denied.

4. To the extent this paragraph makes conclusions of law, no response is required.
To the extent a response is required, denied.

5. Admitted.

6. To the extent this paragraph makes conclusions of law, no response is required.
To the extent a response is required, denied.

1

7.      To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

8.      To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Denied.

13.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

14.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

15.     Admitted.

16.     Admitted.

17.     Denied.

18.     Denied.

19.     Admitted that Defendant conducts business in Massachusetts. Otherwise, denied.

20.     Admitted that Defendant derives revenue from conducting business in Massachusetts. Otherwise, denied.

21.     Admitted that Cogency Global Inc. is Registered Agent for Defendant in Massachusetts. Otherwise, denied. In further answering, Cogency Global Inc. is located at 45 School Street, Suite 202, Boston, MA 02108.

22.     Defendant is without information sufficient to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Denied.

27.     Denied.

28.     Denied.

29.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

30.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

31.     Denied.

32.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

33.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

34.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

35.     Admitted that Plaintiff was an employee of IXP Corporation.  Otherwise, denied.

36.     Admitted that Plaintiff was supervised by IXP Corporation.  Otherwise, denied.

37.     Admitted that Plaintiff was supervised by IXP Corporation.  Otherwise, denied.

38.     Denied.

39.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

40.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

41.     Admitted.

42.     Denied.

43.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

44.     To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

45.     Denied.

46.     Admitted that Plaintiff did work out of 240 Southampton Street, Roxbury, Suffolk County, Massachusetts.  Otherwise, denied.

47.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

48.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

49.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

50.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

51.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

52.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

53.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

54.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

55.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

56.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

57.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

58.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

59.     Admitted that "the Fourth of July," or Independence Day, is a federal holiday in the United States commemorating the Declaration of Independence of the United States, on July 4, 1776. Otherwise, denied.

60.     Admitted that "the Fourth of July," or Independence Day, is a federal holiday in the United States commemorating the Declaration of Independence of the United States, on July 4, 1776. Otherwise, denied.

61.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

62.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

63.     Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied and Defendant holds Plaintiff to his proof.

64.     Defendant incorporates and restates its responses to paragraphs 53-58 and 63. To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

65.     Defendant incorporates and restates its responses to paragraphs 53-58 and 63. To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

66.     Defendant incorporates and restates its responses to paragraphs 53-58 and 63. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

67.     Defendant incorporates and restates its response to paragraph 66. Admitted that Plaintiff stated words to the effect of "she should go back to Africa." Otherwise, denied.

68.     Denied.

69.     Admitted that Latoya Boman worked for IXP Corporation during times when Plaintiff worked for IXP Corporation. Otherwise, denied and Defendant holds Plaintiff to his proof.

70.     Admitted that Latoya Boman was an employee of IXP Corporation. Otherwise, denied.

71.     Denied.

72.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

73.     To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

74.     Denied.

75.     Denied.

76.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

77.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

78.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

79.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

80.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

81.     Defendant is without information sufficient to admit or deny the truth of this allegation at this time.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

82.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

83.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

84.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

85.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

86.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

87.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

88.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

89.     Defendant incorporates and restates its response to paragraph 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

90.     Defendant incorporates and restates its responses to paragraphs 67 and 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

91.     Defendant incorporates and restates its response to paragraph 68.  In further answering, denied.  Defendant holds Plaintiff to his proof.

92.    Defendant incorporates and restates its responses to paragraphs 82-91.  In further answering, denied.  Defendant holds Plaintiff to his proof.

93.    Due to reference to "all parties," denied.  Defendant holds Plaintiff to his proof.

94.    Defendant is without information sufficient at this time to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

95.    Defendant is without information sufficient at this time to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

96.    Defendant is without information sufficient at this time to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

97.    To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

98.    To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, denied.

99.    Defendant incorporates and restates its response to paragraph 67.  Denied.

100.    Defendant incorporates and restates its response to paragraph 67.  Denied.

101.    Defendant is without information sufficient at this time to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

102.    To the extent this paragraph makes or implies conclusions of law, no response is required.  To the extent a response is required, Defendant is without information sufficient at this time to admit or deny the truth of this allegation.  On that basis, this allegation is denied.

103.    Denied.

104.    Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, together with the phrasing of the paragraph which makes the assertion unclear, this allegation is denied.

105.    Admitted.

106.    Admitted that on or around August 5, 2018, Harry Marshall informed Plaintiff that Plaintiff was being placed on leave until further notice while the matter was investigated. Otherwise, denied.

107.    Admitted that Harry Marshall was an employee of IXP Corporation. Otherwise, denied.

108.    To the extent this paragraph makes or implies conclusions of law, no response is required. To the extent a response is required, denied.

109.    Denied. Defendant holds Plaintiff to his proof.

110.    Admitted that Harry Marshall was MBTA Project Director at IXP Corporation. Otherwise, denied.

111.    To the extent this paragraph makes or implies conclusions of law, no response is required. To the extent a response is required, denied.

112.    Admitted that Harry Marshall is based in New Jersey. Otherwise, denied.

113.    Admitted.

114.    Defendant incorporates and restates its response to paragraph 67. Admitted that the Plaintiff was dismissed from IXP for his actions and comments made on August 4th based on the IXP Code of Conduct and Business Ethics and IXP Employee Handbook. Otherwise, denied.

115. Defendant incorporates and restates its response to paragraph 67. Admitted that the Plaintiff was dismissed from IXP for his actions and comments made on August 4th based on the IXP Code of Conduct and Business Ethics and IXP Employee Handbook. Otherwise, denied.

116. Defendant incorporates and restates its response to paragraph 67. Admitted that the Plaintiff was dismissed from IXP for his actions and comments made on August 4th based on the IXP Code of Conduct and Business Ethics and IXP Employee Handbook. Otherwise, denied.

117. Denied.

118. Denied.

119. Defendant incorporates and restates its response to paragraph 67. Denied.

120. Denied.

121. Denied.

122. Defendant incorporates and restates its response to paragraph 67. Denied.

123. Defendant incorporates and restates its response to paragraph 67. Denied.

124. Defendant is without information sufficient at this time to admit or deny the truth of this allegation. On that basis, this allegation is denied.

125. Defendant is without information sufficient at this time to admit or deny the truth of this allegation. On that basis, this allegation is denied.

126. Defendant is without information sufficient at this time to admit or deny the truth of this allegation. On that basis, this allegation is denied.

127. This allegation is ambiguous, and Defendant is without information sufficient at this time to admit or deny the truth of this allegation. On that basis, this allegation is denied. Defendant holds Plaintiff to his proof.

128.     This allegation is ambiguous, and Defendant is without information sufficient to admit or deny the truth of this allegation.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

129.     Defendant is without information sufficient to admit or deny the truth of this allegation.  On that basis, this allegation is denied.  Defendant holds Plaintiff to his proof.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.     Denied.

148. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied. Defendant holds Plaintiff to his proof.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. This allegation is incomprehensibly vague as to whose and/or what conduct it refers and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

168.     This allegation is incomprehensibly vague and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

169.     This allegation is incomprehensibly vague and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

170.     To the extent this paragraph makes or implies conclusions of law, no response is required. To the extent a response is required, this allegation is incomprehensibly vague and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

171.     This allegation is incomprehensibly vague as to whose and/or what conduct it refers and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

172.     This allegation is incomprehensibly vague and thus Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

173.     This allegation relates to the beliefs of an entity other than Defendant, to which no response from Defendant is required. To the extent a response from Defendant is required, denied.

174.     This allegation relates to the beliefs of an entity other than Defendant, to which no response from Defendant is required. To the extent a response from Defendant is required, denied.

175. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

176. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

177. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

178. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

179. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

180. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

181. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

182. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

183. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

184. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

185. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. To the extent this paragraph makes or implies conclusions of law, no response is required. To the extent a response is required, denied.

199. Admitted.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

## COUNT I – ALL DEFENDANTS
### "FREE SPEECH FEDERAL CLAIM"

206. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

207.    Denied.

## COUNT II – ALL DEFENDANTS
## "FREE SPEECH STATE CLAIM"

208.    Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

209.    Denied.

## COUNT III – ALL DEFENDANTS
## "DUE PROCESS FEDERAL CLAIM"

210.    Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

211.    Denied.

## COUNT IV – ALL DEFENDANTS
## "DUE PROCESS STATE CLAIM"

212.    Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

213.    Denied.

## COUNT V – ALL DEFENDANTS
## "RACE-BASED EQUAL PROTECTION FEDERAL CLAIM"

214.    Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

215.    Denied.

## COUNT VI – ALL DEFENDANTS
## "RACE-BASED EQUAL PROTECTION STATE CLAIM"

216.    Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

217.    Denied.

## COUNT VII – ALL DEFENDANTS
## "NATIONAL ORIGIN-BASED EQUAL PROTECTION FEDERAL CLAIM"

218.    Defendant incorporates herein by reference its responses to all preceding

paragraphs as if fully set forth herein.

219.    Denied.

## COUNT VIII – ALL DEFENDANTS
## "NATIONAL ORIGIN-BASED EQUAL PROTECTION STATE CLAIM"

220.    Defendant incorporates herein by reference its responses to all preceding

paragraphs as if fully set forth herein.

221.    Denied.

## COUNT IX – ALL DEFENDANTS
## "RACE-BASED EMPLOYMENT DISCRIMINATION STATE LAW"

222.    Defendant incorporates herein by reference its responses to all preceding

paragraphs as if fully set forth herein.

223.    To the extent this paragraph makes conclusions of law, no response is required.

To the extent a response is required, denied.

224.    Denied.

## COUNT X – ALL DEFENDANTS
## "NATIONAL ORIGIN-BASED EMPLOYMENT DISCRIMINATION STATE LAW"

225.    Defendant incorporates herein by reference its responses to all preceding

paragraphs as if fully set forth herein.

226.    To the extent this paragraph makes conclusions of law, no response is required.

To the extent a response is required, denied.

227.    Denied.

## COUNT XI – ALL DEFENDANTS
## "AIDING AND ABETTING EMPLOYMENT DISCRIMINATION STATE LAW"

228. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

229. To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

230. Denied.

## COUNT XII – ALL DEFENDANTS
## "RACE-BASED EMPLOYMENT DISCRIMINATION FEDERAL LAW"

231. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

232. To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

233. Denied.

## COUNT XIII – ALL DEFENDANTS
## "NATIONAL ORIGIN-BASED EMPLOYMENT DISCRIMINATION FEDERAL LAW"

234. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

235. To the extent this paragraph makes conclusions of law, no response is required. To the extent a response is required, denied.

236. Denied.

## COUNT XIV – IXP CORPORATION
## "WRONGFUL TERMINATION BECAUSE OF PROTECTED SPEECH"

237. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

238. Denied.

## COUNT XV – ALL DEFENDANTS
## "UNTIMELY PAYMENT OF WAGES"

239. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

240. Defendant is without information sufficient to admit or deny the truth of this allegation. On that basis, this allegation is denied.

241. Denied.

## COUNT XVI – IXP CORPORATION
## "ERISA"

242. Defendant incorporates herein by reference its responses to all preceding paragraphs as if fully set forth herein.

243. Denied.

244. To the extent Plaintiff's prayers for relief request a response, denied. No relief should be granted to the Plaintiff.

245. To the extent Plaintiff's prayers for relief request a response, denied. No relief should be granted to the Plaintiff.

## JURY DEMAND

Defendant demands a trial by jury on all issues and claims triable by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has no damages from any alleged acts or omissions of Defendant.

3. Plaintiff's claims are barred, in whole or in part, because any losses or damages suffered by Plaintiffs were proximately caused by Plaintiff's own acts or omissions.

4. Plaintiff has failed to mitigate any alleged damages.

5. The Defendant acted lawfully toward Plaintiff at all times.

6.     Service of process was not properly completed.

7.     Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, release, ratification, and/or acquiescence.

8.     Plaintiff's claims are barred by the applicable statute of limitation.

9.     Plaintiff's claims are barred by their falsity.

10.    Plaintiff has waived the claims set forth in his Complaint.

11.    Plaintiff has failed to exhaust administrative remedies for some or all of his claims.

12.    The Court lacks jurisdiction over some or all of Plaintiff's claims.

13.    Plaintiff failed to provide timely notice required for some or all of their claims, including, without limitation, failure to provide timely notice to the EEOC within 180 days of the occurrence of any alleged unlawful practice.

14.    The decisions Plaintiff challenge were based on reasonable business factors.

15.    Plaintiff failed to state a prima facie case under any of the claims or causes of action he has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

16.    Plaintiff's claims should be dismissed with fees awarded to IXP Corporation as Plaintiff's claims are insubstantial, frivolous and not advanced in good faith in violation of M.G.L. c. 231, § 6F.

Defendant hereby gives notice that it may rely upon such other and further defenses that may be discovered and reserves the right to amend its Answer and Affirmative Defenses to assert the same and to pursue any Counterclaim or Third Party Complaint deemed appropriate.

WHEREFORE, the Defendant, IXP Corporation, respectfully request that the Plaintiff's Complaint be dismissed with prejudice and it be awarded costs, legal fees, all remedies available under M.G.L. c. 231, § 6F, and such other relief as deemed equitable and just by the Court.

Respectfully submitted,
Defendant,
IXP Corporation,
By its Attorneys,

Peter A. Brown, BBO # 654805
Joshua M. Loveall, BBO # 692161
D'Ambrosio Brown LLP
185 Devonshire Street, 10th Floor
Boston, MA 02110
Tel.:   (617) 720-5657
Fax:    (617) 723-4697
pbrown@dambrosiobrown.com
jloveall@dambrosiobrown.com

DATED:  September 30, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing document on the following by First Class Mail:

Lucas Newbill, Esq.
Law Offices of Lucas Newbill
P.O. Box 1741
Brookline, MA 02446

Barbara Gruenthal, Esq.
Cooke Clancy Gruenthal LLP
One International Place, Suite 850
Boston, MA 02110

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.

Deputy Assistant Clerk

10/8/19

Joshua M. Loveall

DATED:  September 30, 2019

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO.   19-1140

MARK HAYES,

      Plaintiff,

v.

IXP CORPORATION and MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY (MBTA),

      Defendants.

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

      Pursuant to 28 U.S.C. § 1446(d), defendant Massachusetts Bay Transportation Authority

hereby gives notice that they filed a Notice of Removal in the United States District Court for the

District of Massachusetts on October 1, 2019. A certified copy of the Notice of Removal is

attached hereto.   Pursuant to 28 U.S.C. § 1446(d), the filing of this notice effects the removal of

this case, and this Court shall proceed no further unless the case is remanded from federal court.

      Respectfully submitted,
MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY,
By their attorneys,

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
      Deputy Assistant Clerk

10/8/19

Marjorie S. Cooke (BBO # 097800)
mcooke@ccg-law.com
Barbara Gruenthal (BBO # 544209)
bgruenthal@ccg-law.com
Kevin W. Clancy (BBO #552590)
kclancy@ccg-law.com
COOKE CLANCY GRUENTHAL LLP
One International Place, Suite 850
Boston, MA   02110
Telephone:   (617) 428-6800
Facsimile:   (617) 428-6868

Dated:   October 2, 2019

## CERTIFICATE OF SERVICE

I, Barbara Gruenthal, hereby certify that I caused a copy of the above to be served, by first-class mail, upon counsel for each of the other parties to this action on October 2, 2019.

Barbara Gruenthal

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MARK HAYES,

      Plaintiff,

v.

IXP CORPORATION and MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY (MBTA),

      Defendants.

I hereby certify on 10/1/19 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on 10/1/19
☐ original filed in my office on _____
    Robert M. Farrell
    Clerk, U.S. District Court
    District of Massachusetts

By: _____
Deputy Clerk

Civil Action No. 19-12042



## NOTICE OF REMOVAL

Defendant Massachusetts Bay Transportation Authority ("MBTA") files this Notice of Removal pursuant to 28 U.S.C. § 1446. As grounds for removal, the MBTA states as follows:

1.     On September 6, 2019 plaintiff Mark Hayes ("Hayes") commenced an action against defendants IXP Corporation ("IXP") and the MBTA in the Commonwealth of Massachusetts, Norfolk Superior Court captioned *Mark Hayes v. IXP Corporation and Massachusetts Bay Transportation Authority (MBTA)*, Civil Action No. 19-1140 (the "State Court Action").

2.     The Complaint filed in the State Court Action (the "Complaint") alleges that, Hayes is a natural person residing in Norfolk County, Massachusetts and that, in connection with his employment, Hayes was "discriminated against and terminated . . . without due process because of protected speech, race and national origin." The Complaint further alleges that he was not paid certain wages due upon termination and that he was not properly notified of his right under the Consolidated Omnibus Reconciliation Act.

2.     The Complaint includes the following claims arising under the Constitution or laws or the United States within the meaning of 28 U.S.C. § 1331:

Count One:  alleged violation of the First Amendment of the U.S. Constitution (Free Speech) brought pursuant to 42 U.S.C. § 1983.

Count Three:  alleged violation of the Fifth and Fourteenth Amendments (Due Process) to the U.S. Constitution brought pursuant to 42 U.S.C. § 1983.

Count Five:   alleged violation of the Fourteenth Amendment (Race-Based Equal Protection) brought pursuant to 42 U.S.C. § 1983.

Count Seven: alleged violation of the Fourteenth Amendment (National Origin-Based Equal Protection) brought pursuant to 42 U.S.C. § 1983.

Count Twelve: alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Race-Based Employment Discrimination) brought pursuant to 42 U.S.C. § 2000e-5.

Count Thirteen: alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (National Origin-Based Employment Discrimination) brought pursuant to 42 U.S.C. § 2000e-5.

Count Sixteen (against IXP only): alleged violation of 29 U.S.C. § 1161 and 1166 brought pursuant to 29 U.S.C. § 1132.

4.     The remaining counts of the Complaint filed in the state court action are for alleged violations of Hayes' free speech, due process and equal protection rights under the Massachusetts Constitution; alleged employment discrimination under Mass. Gen. Laws c. 151B; and alleged failure timely to pay wages in violation of Mass. Gen. Laws c. 149, § 148;

and common law wrongful termination in violation of public policy (against IXP only).  The state law claims arise from the same alleged facts and circumstances as the federal law claims.

5.     The claims are within the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1367 and, thus, are removable under 28 U.S.C. § 1441.  *See Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-165 (1997).

6.     IXP consents to removal of the State Court Action.

7.     A copy of the Summons, Civil Tracking Order and the Complaint served on the MBTA are attached hereto as Exhibit A, B. and C, respectively.  No other process, pleadings and orders in the State Court Action have been received by the MBTA as of the date hereof.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,

By their attorneys,

*/s/ Barbara Gruenthal*
Marjorie S. Cooke (BBO # 097800)
mcooke@ccg-law.com
Barbara Gruenthal (BBO # 544209)
bgruenthal@ccg-law.com
Kevin W. Clancy (BBO #552590)
kclancy@ccg-law.com
COOKE CLANCY GRUENTHAL LLP
One International Place, Suite 850
Boston, MA  02110
Telephone:  (617) 428-6800
Facsimile:  (617) 428-6868

Dated:  October 1, 2019

## CERTIFICATE OF SERVICE

I, Barbara Gruenthal, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 1, 2019

/s/ *Barbara Gruenthal*
Barbara Gruenthal