UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK HAYES,<br><br>             Plaintiff,<br><br>      v.<br><br>IXP CORPORATION, and MASSACHUSETTS<br>BAY TRANSPORTATION AUTHORITY<br><br>             Defendants. | CIVIL ACTION<br>NO. 19-12042-WGY |

YOUNG, D.J.                                                                                 January 2, 2020

**ORDER**

On September 6, 2019, Mark Hayes ("Hayes") filed a complaint against IXP Corporation and Massachusetts Bay Transportation Authority ("MBTA") in the Massachusetts Superior Court. Notice Removal, Ex. C, Compl. 25, ECF No. 1. The case was then removed by the MBTA to this Court. Notice Removal 3, ECF No. 8. MBTA filed a Rule 12(b)(6) motion to dismiss on October 21, 2019, MBTA's Mot. Dismiss Am. Compl. 3, ECF No. 9; Mem. Supp. MBTA's Mot. Dismiss ("MTBA's Mem.") 19, ECF No. 10, and IXP Corporation filed a motion for judgment on the pleadings on November 12, 2019, Def. IXP Corporation's Mot. J. Pleadings, ECF No. 14; Mem. Supp. Def. IXP Corporation's Mot. J. Pleadings ("IXP Corporation's Mem."), ECF No. 15. On November 26, Hayes

filed a motion for leave to amend the complaint. Pl.'s First Mot. Leave Amend Compl., ECF No. 17; Pl.'s Mem. Supp. First Mot. Leave Amend Compl., ECF No. 18.

Hayes' motion for leave to amend the complaint is ALLOWED. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

This Court DENIES both defendants' motions with respect to Hayes' free speech claims -- counts One and Two under the amended complaint. Am. Compl. ¶¶ 244-247, ECF No. 22. Contrary to IXP Corporation's argument, Hayes' statement does touch upon a matter of public concern. Hayes stated after watching a news segment about a protester -- an African-American woman and naturalized U.S. citizen who climbed the Statue of Liberty on July 4, 2018, in protest of U.S. immigration policy -- that: "If she hates America so much, she should go back to Africa." Am. Compl. ¶¶ 53-70. In context, Hayes was responding to a news report about a protest of United States immigration policy, which is "political" in its very nature. Connick v. Myers, 461 U.S. 140, 146-48 (1983) (explaining that "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement" and defining "a matter of public concern" as one "relating to any matter of political, social, or other concern to the community"); see also Rankin v. McPherson, 483 U.S. 378,

[2]

386-87 (1987) (holding that employee's comment to coworker concerning the attempted assassination of President Reagan dealt with a matter of public concern where the comment "came on the heels of a news bulletin regarding what [was] certainly a matter of heightened public attention").

In addition, contrary to MBTA's argument, a Rule 12(b)(6) motion is generally not the proper vehicle to perform the balancing required under Pickering v. Board of Educ., 391 U.S. 563 (1968), and Garcetti v. Ceballos, 547 U.S. 410 (2006). See Decotiis v. Whittemore, 635 F.3d 22, 35 n.15 (1st Cir. 2011) (noting that "the Pickering balancing test" is "fact-intensive" and "does not easily lend itself to dismissal on a Rule 12(b)(6) motion" (citing Jordan v. Carter, 428 F.3d 67, 73 (1st Cir. 2005))); Lyons v. Vaught, 781 F.3d 958, 961 n.1 (8th Cir. 2015) (concluding that the second prong of the Pickering test "can rarely, if ever, be determined on a Rule 12(b)(6) to dismiss the public employee's complaint"); Burnside v. Kaelin, 773 F.3d 624, 628 (5th Cir. 2014) ("In stating a prima facie case at the motion-to-dismiss stage of a case, there is a rebuttable presumption that no balancing is required to state a claim.").

This Court GRANTS both defendants' motions with respect to Hayes' federal and state equal protection claims -- counts Three through Six of the amended complaint. Am. Compl. ¶¶ 248-255. The amended complaint fails to plead that similarly situated

individuals were treated differently based on impermissible grounds. See Davis v. Coakley, 802 F.3d 128, 132-33 (1st Cir. 2015) (holding that to state a disparate-treatment equal protection claim under the Fourteenth Amendment, a plaintiff must allege facts showing that, inter alia, "the person, compared with others similarly situated, was selectively treated" (quoting Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995))); Doe v. Acton-Boxborough Reg'l Sch. Dist., 468 Mass. 64, 75, 8 N.E.3d 737 (2014) (concluding that one of the essential components of any equal protection claim -- federal or state -- is differing treatment based on classification). While arguing the hypothetical scenario that if Hayes were black or his national origin were African he would not have been terminated, the complaint did not plead any facts that others similarly situated in fact received different treatment. The allegations are wholly speculative. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

This Court GRANTS both defendants' motions with respect to Hayes' employment discrimination claims -- counts Seven through Eleven. Am. Compl. ¶¶ 256-270. The amendments fail to plead

[4]

any facts from which it may be plausibly inferred that the defendants acted with discriminatory animus towards white people or those of American origin. See Johnson v. General Elec., 840 F.2d 132, 138 (1st Cir. 1988) (concluding that, at the motion to dismiss stage, a "plaintiff must allege a series of facts which at the very least gives rise to an inference of discriminatory animus"), abrogated on other grounds by Clockedile v. New Hampshire Dep't of Corr., 245 F.3d 1 (1st Cir. 2001)); Dexter v. Dealogic, LLC, 390 F. Supp. 3d 233, 240 (D. Mass. 2019) (Saris, C.J.) ("To state a claim for employment discrimination under Massachusetts law, the plaintiff must allege 'that . . . the employer harbored discriminatory animus, which was the determinative cause of the adverse action.'" (quoting Weber v. Community Teamwork, Inc., 434 Mass. 761, 752 N.E.2d 700, 711 (2001)); Lopez v. Commonwealth, 463 Mass. 696, 713, 978 N.E.2d 67 (2012) (concluding that the requirement of "discriminatory intent" also applies to the aiding and abetting theory). Hayes' reference to the statement by Kenneth Green, Chief of Police of the MBTA Police Department, in a radio interview in April 2016 that he intended to "darken" the MBTA police force cannot plausibly lead to a reasonable inference that the defendants, when terminating Hayes' employment, acted with discriminatory animus towards Hayes, a 9-1-1 dispatcher. See Am. Compl. ¶¶ 191-201. No reasonable interpretation of Green's remark, even

assuming it suggests discriminatory intent, leads to the conclusion that Green was referring to 9-1-1 dispatchers.[1]

This Court DENIES IXP Corporation's motion as to count Twelve, the wrongful termination claim. Am. Compl. ¶¶ 271-272. The fact that Hayes was an at-will employee is not disputed. See MBTA's Mem., Ex. A, ECF No. 10-1; MBTA's Mem. 10 ("[H]is agreement with IXP expressly states that he was an at-will employee."). It then behooves this Court to analyze whether the termination violated "a clearly established public policy." See King v. Driscoll, 418 Mass. 576, 582, 638 N.E.2d 488 (1994) ("As an exception to the general rule that an employer may terminate an at-will employee at any time with or without cause, we have recognized that an at-will employee has a cause of action for

---

[1] Nor does the MBTA's argument in the Massachusetts Commission Against Discrimination ("MCAD") proceeding give rise to such an inference. Am. Compl. ¶ 120; Am. Compl., Ex. 1, Position Statement ("Position Statement") 5, ECF No. 22-1. Hayes points to the MBTA's statement that "[a]s a Caucasian American, Mr. Hayes is not a member of a protected group," Position Statement 5, as supporting the reasonable inference "that the MBTA does not apply its own antidiscrimination policies uniformly, i.e., regardless of race." Pl.'s Opp'n MBTA's Mot. Dismiss 15, ECF No. 12. MBTA's argument, even taken in a light favorable to Hayes, merely is a post hoc legal argument put forward by MBTA at the MCAD proceedings and cannot reasonably be construed as a descriptive statement of MBTA's practice with respect to Hayes. Yet this Court observes that MBTA's argument that Hayes is unprotected by anti-discrimination law because he is "Caucasian American" is wrong as matter of law. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-80 (1976) (holding that Title VII prohibits racial discrimination against white people as well).

wrongful termination only if the termination violates a clearly established public policy."). Given that Hayes' statement touches upon a matter of public concern, Hayes' termination by IXP Corporation arguably may violate the public policy of freedom of speech as enshrined in the First Amendment, Article LXXVII of the Articles of Amendment of the Massachusetts Constitution and Article XVI of the Massachusetts Declaration of Rights.[2] See Minahan v. Town of E. Longmeadow, No. 12-cv-30203-MAP, 2015 WL 668451, at *1 (D. Mass. Feb. 17, 2015) (Ponsor, J.) (holding that although a First Amendment right could be a source of public policy, an employee's First Amendment rights were not implicated as a source of public policy because she did not speak as a citizen on matters of public concern).

This Court DENIES both defendants' motions with respect to count Thirteen, the untimely payment of wages claim. Am. Compl. ¶¶ 273-75. The argument by both defendants that Hayes does not fall within the itemized categories under section 148 of chapter

---

[2] The Massachusetts courts have not yet addressed whether Article XVI of the Massachusetts Declaration of Rights, as amended by Article LXXVII of the Amendments to the Massachusetts Constitution, could serve as a source of public policy. Cf. Greeney v. Center for Human Development, Inc., 725 F. Supp. 2d 259, 263 (D. Mass. 2010) (Neiman, M.J.) (remanding the case to state court where plaintiff argued "wrongful termination" because of violation of freedom of speech as protected under Article LXXVII).

149 of the General Laws of Massachusetts is of no avail.[3] IXP Corporation's Mem. 13-14; MBTA's Mem. 18-19. The itemized categories -- "mechanic, workman and laborer" -- would apply only if the employer falls within the scope of "the commonwealth, its departments, officers, boards and commission." Mass. Gen. Laws ch. 149, § 148. The fact that MBTA is "a political subdivision of the commonwealth" makes it neither the Commonwealth nor its department. See Mass. Gen. Laws ch. 161A, § 2; Daveiga v. Boston Pub. Health Comm'n, 449 Mass. 434, 442, 869 N.E.2d 586 (2007) ("'Political subdivision of the Commonwealth' is a term of art traditionally associated with cities, towns, and other units of local government, which are neither the Commonwealth itself nor its agencies." (footnote and citation omitted)). Because neither MBTA nor IXP Corporation is

---

[3] IXP Corporation also argues that Hayes makes no allegation that "he was not paid until after IXP complied with applicable laws," pointing out the language "or in Boston as soon as the laws requiring pay rolls, bills and accounts to be certified shall have been complied with" in section 148 of chapter 149 of General Laws of Massachusetts. IXP Corporation's Mem. 13. This argument is of no avail because, as Hayes points out, the legislative history indicates that such language is no longer operative. See 1908 Mass. Acts ch. 210, at 156 (imposing a requirement upon the city of Boston to obtain the certificate from the civil service commission before paying its employees); 1910 Mass. Acts ch. 350, at 272-273 (requiring that in the city of Boston any wage payment be certified before making the payment); 1974 Mass. Acts, ch. 441, § 1, at 415 (repealing the certification requirement set forth by the 1908 Acts of Massachusetts); see also John F. Adkins et al., 45 Mass. Prac., Employment Law § 16:2, 915 n.14 (3d ed. 2016).

the Commonwealth or its departments, the itemized categories do not apply to Hayes.

This Court DENIES IXP Corporation's motion with respect to count Fourteen, under the Employee Retirement Income Security Act ("ERISA"), because the amended complaint pleads adequate facts supporting a claim that IXP Corporation violated ERISA. See 29 U.S.C. §§ 1163(2), 1166(a)(2); Am. Compl. ¶ 277.

For the reasons stated above, this Court GRANTS Hayes' leave to file an amended complaint; GRANTS MBTA's motion to dismiss with respect to counts Three, Five, Seven, Eight, Nine, Ten, Eleven, and DENIES the motion with respect to counts One and Thirteen.  The Court further GRANTS IXP Corporation's motion to dismiss with respect to counts Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven, and DENIES the motion with respect to counts One, Two, Twelve, Thirteen and Fourteen.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
U.S. DISTRICT JUDGE